IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:12CR17 |
| v. | |
| DUANE E. WALKER, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Duane E. Walker's ("Walker") Motion to Appoint Counsel (Filing No. 134). Walker requests counsel "to see if the First Step Act of 2018 [("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018),] applies" to him. The First Step Act clearly does not apply, and his request is denied.

The right to counsel under the Sixth Amendment of the United States Constitution "does not extend beyond the first appeal." *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). Whether to appoint counsel after that is in the Court's discretion. *See id.*

The Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2370 (2010), reduced the penalties for certain crack-cocaine offenses. *See also Dorsey v. United States*, 567 U.S. 260, 281-82 (2012) (finding the Fair Sentencing Act applies to defendants sentenced on or after August 3, 2010). Section 404 of the First Step Act allows the Court to retroactively apply the Fair Sentencing Act.

The Court sentenced Walker under the Fair Sentencing Act on November 15, 2012, for conspiring to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Walker therefore already received the benefit of the Fair Sentencing Act and could

receive no relief under the First Step Act.¹ *See United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). Accordingly, the Court finds no reason to appoint counsel, and Walker's request (Filing No. 134) is denied.

    IT IS SO ORDERED.

    Dated this 12th day of February 2020.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
United States District Judge

---

¹Moreover, Walker would have faced the same penalty both before and after the Fair Sentencing Act—a term of imprisonment of not less than ten years. *Compare* 21 U.S.C. § 841(b) (2009) (not less than ten years' imprisonment for 50 grams or more of a mixture or substance containing cocaine base) *with id.* (2010) (not less than ten years' imprisonment for 280 grams or more of a mixture or substance containing cocaine base).